Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | Case No. 2:12-cv-05720-PSG-RZ |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |
| JOHN DOE, | |
| Defendant. | |

## INTRODUCTION

The Court ordered Plaintiff to show "why this case should not be dismissed for lack of personal jurisdiction over Defendant John Doe." (ECF No. 7.) The Court should not dismiss the case for two independent reasons. First, using the only technology available to it, Plaintiff has determined that the Defendant is located in this District. Second, Plaintiff is not required to prove personal jurisdiction at this stage of the litigation.

## DISCUSSION

**I.  The Only Technology Available to Plaintiff Indicates that Movant is Located in this District**

The only identifying information Plaintiff has regarding Defendant John Doe is his Internet Protocol ("IP") address. IP address lookup tools (geolocation technology), put Defendant John Doe in the Central District of California. *See WhatIsMyIPAddress*, http://whatismyipaddress.com/ip/70.187.138.200 (indicating

that Defendant John Doe, associated with IP address 70.187.138.200, is located in Rancho Santa Magartia, California). Rancho Santa Magartia, California is located within the Central District of California. This case should not be dismissed for lack of personal jurisdiction because physical presence establishes personal jurisdiction. *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . .").

## II.     Personal Jurisdiction is an Affirmative Defense That Can be Raised or Waived at the Appropriate Stage of the Litigation.

Plaintiff is not required to prove personal jurisdiction at this stage of the litigation. It is well-established that personal jurisdiction does not even have to be pled. *See e.g., Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) . . . ."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474–75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Personal jurisdiction is a matter to be challenged through a responsive pleading and not to be raised by the Court *sua sponte*. *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) ("[T]he Federal Rules of Civil Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive pleading, not by the court *sua sponte*."). Personal jurisdiction is

a waivable defense. This Court should allow the defendant to freedom to decide whether to waive or raise the defense, if such a defense is even plausible.

## CONCLUSION

The Court should not dismiss the case for lack of personal jurisdiction. Defendant John Doe is likely located in this District. Further, personal jurisdiction is an affirmative defense that can be raised or waived at the appropriate stage of the litigation.

Respectfully submitted,

PRENDA LAW, INC.

**DATED: August 6, 2012**

By:   /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 6, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Brett L. Gibbs